**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

SANTIAGO CARDOSO ARELLANES,

　　　　　Petitioner,

　　v.

LUIS SOTO, *et al.*,

　　　　　Respondents.

Civil Action No. 26-7413 (ZNQ)

**MEMORANDUM OPINION**

**QURAISHI, District Judge**

This matter comes before the Court on Petitioner Santiago Cardoso Arellanes's habeas petition (ECF No. 1) challenging his ongoing immigration detention.  Petitioner initially filed a habeas petition challenging his detention under Docket No. 26-5857, purportedly proceeding pro se.  (Docket No. 26-5857 at ECF No. 1.)  Following an order to show cause in that matter, the Government filed a response to Petitioner's challenge to his detention.[1]  (Docket No. 26-5857 at ECF No. 8.)  Petitioner's current habeas petition, filed by counsel, effectively serves as Petitioner's reply to that response.  (ECF No. 1.)  Also before the Court is Petitioner's motion for a temporary restraining order.  (ECF No. 2.)  For the following reasons, the petition is granted, Petitioner shall be released, and Petitioner's motion shall be denied without prejudice as moot.

---

[1] Because this matter raises an essentially identical challenge to Petitioner's challenge as that addressed in Petitioner's previous, now withdrawn petition in Docket No. 26-5857, and the Government already responded to that filing, it would amount to an unnecessary and repetitious strain on the Government's and the Court's resources to require the issues to be rebriefed in this matter.  The Court thus considers the Government's filings in Petitioner's previous petition to be its operative answer in this matter.  The Court *is not* granting Petitioner's current petition on a default basis, which is inappropriate in a habeas proceeding.

1

Petitioner is a native and citizen of Mexico who crossed the southern border into the United States at an unknown date or time approximately thirty years ago without admission or inspection. (ECF No. 1 at 2.)  On May 10, 2026, immigration officials encountered Petitioner during a targeted enforcement operation, determined that he had not been legally admitted or paroled into the United States, and took him int custody.  (ECF No. 1-2 at 2.)  Petitioner has remained in detention without bond since that time.  (*Id.*)  Petitioner does not have significant criminal history in the United States.[2]

The Government argues that Petitioner is lawfully detained as an applicant for admission under 8 U.S.C. § 1225(b)(2).  (*See* Docket No. 26-5857 at ECF No. 8.)  The Government recognizes, however, that its position "relies on the same statutory-interpretation arguments," (*Id.* at 2), this Court has repeatedly rejected in finding that § 1225(b)(2) does not apply to aliens who have resided within the United States for a lengthy period of time after crossing the border without being admitted or paroled.  *See, e.g., Valerio v. Joyce*, No. 25-17225, 2025 WL 3251445 (D.N.J. Nov. 21, 2025); *see also Hueso v. Soto*, No. 26-1455, 2026 WL 539271, at 3 (D.N.J. Feb. 26, 2026); *Tyagi v. Soto*, No. 26-962, 2026 WL 478184, at *1 (D.N.J. Feb. 20, 2026).  As Petitioner clearly falls into this category as he is an alien who entered the United States without admission or inspection and remained in the United States for approximately thirty years prior to being taken into custody, he may not be held under 8 U.S.C. § 1225(b)(2).  *See, e.g., Valerio*, 2025 WL 3251445, at *3.  Petitioner's continued mandatory detention under § 1225(b)(2) is therefore unlawful. *Id*.  Petitioner's habeas petition shall therefore be granted.

---

[2] The Government identifies only one criminal conviction – a New Jersey disorderly persons offense for loitering for the purposes of engaging in prostitution which resulted in Petitioner paying a $630 fine in 2021.  (*See* ECF No. 1-2 at 2; Docket No. 26-5857 at ECF No. 8-4.)  This Court does not find a single non-felony offense resulting in a municipal fine to be significant or relevant to the question of the appropriate relief in this matter.

Turning to the question of the appropriate relief, the Government argues that the Court should provide Petitioner only with the bond hearing to which he would have been entitled had he been taken into custody under 8 U.S.C. § 1226(a). *See, e.g., Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278-79 (3d Cir. 2018) (potentially removable aliens not subject to mandatory detention statutes are subject to detention under 8 U.S.C. § 1226(a) under which they are entitled to a bond hearing at which they can secure bond by demonstrating they are neither a flight risk or danger). Notwithstanding that Petitioner may be subject to the provisions 8 U.S.C. § 1226(a) if properly taken into custody under that statute in the future, the Government did not take Petitioner into custody under § 1226(a), nor has it provided Petitioner with the procedural protections available to aliens under § 1226(a), including a proper bond hearing at which release on bond is a live possibility. As this Court has explained,

> It is not incumbent upon the Court to fix the Government's flawed application of § 1225(b)(2) by converting Petitioner's detention into a potentially lawful alternate form under a different statute with different procedural requirements and rules. This is especially so in light of the Government's . . . continued employment of an oft rejected legal position. *See Hueso*, 2026 WL 539271, at *3-4. Because the Government has only sought to detain Petitioner under 8 U.S.C. § 1225(b)(2), and he is clearly not subject to detention under that statute, and as that statute clearly does not apply to Petitioner, the Government [must] release Petitioner from custody immediately.

*Fajardo-Nugra v. Soto*, No. 26-975, 2026 WL 579192, at *2 (D.N.J. Mar. 2, 2026).

3

Petitioner's habeas petition (ECF No. 1) shall therefore be granted, and the Government shall release Petitioner immediately.  Petitioner's motion seeking a temporary restraining order is in turn denied without prejudice as moot.  An order consistent with this Memorandum Opinion will be entered.

Date: June 25, 2026

                                          s/ Zahid N. Quraishi
                             **ZAHID N. QURAISHI**
                             **UNITED STATES DISTRICT JUDGE**